IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PETER KEITH HARVEY                                                                                         PLAINTIFF
ADC #149585

v.                                            5:18cv00111-BSM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction; *et al.*                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Peter Keith Harvey ("Plaintiff") is incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges ADC officials failed to mail his complete habeas corpus petition and the Lee County Clerk's Office failed to send him timely notice that the petition had been denied. (*Id*. at 4-5.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner

has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**III.   ANALYSIS**

Plaintiff alleges his habeas corpus petition and brief were "submitted to the proper authorities" on April 17, 2013, to be mailed to the Lee County Clerk of Court for filing.  (Doc. No. 2 at 4.)  But the Lee County Clerk's Office received only the petition, not the brief, on September 11, 2013.  (*Id*.)  The petition was denied on September 19, 2014.  (*Id*.)  Plaintiff was not notified of the denial until February 26, 2015, which caused him to miss his opportunity to appeal.  (*Id*.)  Plaintiff seeks "affirmation" that ADC officials failed to mail the brief and the Lee County Clerk's Office failed to provide timely notification of the denial, as well as damages in the amount of one million dollars.  (*Id*. at 5.)

Plaintiff has sued Defendants in their official capacities only. (*Id*. at 2.) His claims for monetary damages against the ADC Defendants, Wendy Kelley and Stacy Roebuck, are barred pursuant to the doctrine of sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office and, as such, is no different from a suit against the state itself, which is barred by the Eleventh Amendment unless the state has waived its immunity); *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991) (the State of Arkansas has not waived its Eleventh Amendment immunity). Plaintiff's claim against the Lee County Defendant, Mary Ann Wilkinson, is likewise barred because he does not identify any official policy or unofficial custom of Lee County that caused or contributed to his alleged injury. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978) (local governing bodies can be sued under § 1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes an officially adopted policy or unofficial governmental custom).

I note the United States Court of Appeals for the Eighth Circuit has held that, "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Plaintiff's failure to expressly and unambiguously state his intent to sue Defendants in their individual capacities means I must construe his Complaint as being against Defendants in their official capacities only. *See id*. Because the official capacity claims fail, Plaintiff's Complaint should be dismissed.

In addition, Plaintiff's claims are barred by the statute of limitations. The forum state's statute of limitations for personal injury actions serves as the statute of limitations for claims brought pursuant to § 1983, and in Arkansas, the statute of limitations for personal injury actions is three years. *See Morton v. City of Little Rock*, 934 F.2d 180, 182-83 (8th Cir. 1991) (citing Ark. Code Ann. § 16-56-105). The last date mentioned in Plaintiff's Complaint is the date he received notice of the denial of his petition – February 26, 2015. (Doc. No. 2 at 4.) Therefore, the limitations period expired on February 26, 2018. Because the Complaint was not filed until May 1, 2018, Plaintiff's claims are time-barred.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

DATED this 7th day of May, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE